SUMMARY ORDER
Plaintiffs, on behalf of themselves and a putative class of Iraqi citizens who were among the intended beneficiaries of the United Nations Oil-for-Food Programme (“OFFP”), sued defendants under federal and state law for conspiring with the regime of Saddam Hussein to siphon money from the OFFP, thereby enriching the regime and depriving the plaintiff class of the full benefits of the OFFP.[1] Plaintiffs here appeal the dismissal of their complaint for lack of Article III standing, challenging the district court’s conclusion that the alleged injury was not sufficiently particularized or concrete to pass constitutional muster. We assume the parties’ familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.
We review de novo a district court’s dismissal of a complaint for lack of standing, “accepting as true all material allegations in the complaint and construing the complaint in favor of the complaining party.” Fuentes v. Bd. of Educ., 540 F.3d 145, 148 (2d Cir.2008). To establish Article III standing, a plaintiff must show (1) “injury in fact,” (2) fairly traceable to the defendant’s alleged unlawful conduct, (3) that is likely to be redressed by the requested relief. See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000). “To qualify as a constitutionally sufficient injury-in-fact, the asserted injury must be concrete and particularized as well as actual or imminent, not conjectural or hypothetical.” Kendall v. Employees Ret. Plan of Avon Prods., 561 F.3d 112, 118 (2d Cir.2009) (internal quotation marks omitted); see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).
We affirm for substantially the reasons stated by the district court in its well-reasoned opinion. First, the alleged injuries were not particular to plaintiffs, but were suffered generally by the population of Iraq. See Lujan v. Defenders of Wildlife, 504 U.S. at 561 n. 1, 112 S.Ct. 2130 (“By particularized, we mean that the injury must affect the plaintiff in a personal and individual way.”). Such a grievance, “suffer[ed] in some indefinite way in common with people generally,” cannot demonstrate an injury-in-fact. Daimler-Chrysler Corp. v. Cuno, 547 U.S. 332, 344, 126 S.Ct. 1854, 164 L.Ed.2d 589 (2006) (internal quotation marks omitted).[2] Sec *716 ond, the allegation that the Hussein regime would have distributed more benefits to the Iraqi population in general, including plaintiffs, but for the alleged kickback scheme is “conjectural or hypothetical,” not “actual or imminent,” as required to show injury-in-fact. Lujan v. Defenders of Wildlife, 504 U.S. at 560, 112 S.Ct. 2130. Indeed, as the district court observed, the fact that billions of dollars in oil proceeds remained unspent in the escrow accounts “suggests that something other than the escrow account balance was the constraint on the amount of humanitarian aid distributed by the Hussein regime.” Karim v. AWB Ltd., No. 06 Civ. 15400, 2008 WL 4450265, at *4 (S.D.N.Y. Sept. 30, 2008). Because plaintiffs have faded to allege an injury-in-fact that is fairly traceable to the defendants’ conduct, they lack standing to pursue their claim. The district court therefore correctly dismissed their complaint.[3]
Accordingly, the judgment of the district court is AFFIRMED.

. Plaintiffs alleged violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1962(c), (d), and 1964(c); the International Emergency Economic Powers Act, 50 U.S.C. § 1701 et seq.; the Foreign Corrupt Practices Act, 15 U.S.C. § 78dd-l et seq.; and the common law of New York.

. Because we conclude that plaintiffs have not alleged a sufficiently particularized injury, we need not address their various arguments as to the nature of their purported property interest in OFFP escrow account funds or *716 goods that might have been purchased therefrom.

. In light of plaintiffs’ lack of Article III standing — "the threshold question in every federal case, determining the power of the court to entertain the suit,” Denney v. Deutsche Bank AG, 443 F.3d 253, 263 (2d Cir.2006) (internal quotation marks omitted) — we need not address whether plaintiffs have RICO standing under 18 U.S.C. § 1964(c).